AO 91 (Rev. 11/11)  Criminal Complaint

AUSA: Douglas Salzenstein  Telephone: (313) 226-9196
Officer: Jason Messenger  Telephone: (734) 676-2972

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.
Edwin Alexander BONILLA-MUNGUIA

Case No.  Case: 2:25−mj−30338
Assigned To : Unassigned
Assign. Date : 5/23/2025
Description: CMP USA v
Bonilla−Munguia (SH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 21, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1253(a) | Failure/or Refusal to depart after a final order of removal |

This criminal complaint is based on these facts:

On or about May 21, 2025, Edwin Alexander BONILLA-MUNGUIA, an alien from Honduras, who previously received a final order of removal by reason of being a member of a class described in 8 U.S.C. Section 1227(a)(1), was found in the United States in the Eastern District of Michigan, Southern Division, after willfully failing and refusing to present himself for removal at the required time and place, in violation of Title 8, United States Code, Section 1253(a).

☑ Continued on the attached sheet.

*Jason Messenger, Border Patrol Agent*
*U.S. Department of Homeland Security*

*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: May 23, 2025

City and state: Detroit, MI

*Judge's signature*

Anthony P. Patti, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Jason Messenger, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and records checks of law enforcement databases. I have also reviewed the immigration file and system automated data relating to Edwin Alexander BONILLA-MUNGUIA. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant for Edwin Alexander BONILLA-MUNGUIA, for a violation of 8 U.S.C § 1253(a), failure to depart related to an order of removal.

2. Because this affidavit is submitted for the limited purpose of demonstrating probable cause for the issuance of the requested complaint and arrest warrant, it does not contain each and every fact known about this case by your affiant

3. On May 12, 2025, a Michigan State Police Officer requested assistance from the Gibraltar Border Patrol Station identifying an adult male subject they encountered during a traffic stop. The officer conducted a traffic stop on a White 2018 Ford Dump Truck Ohio vehicle registration PLXXX51 for expired plates and failure to register under Unified Carrier Registration and later issued the driver a citation.

4. At approximately 1:00 PM, a Border Patrol Agent arrived on scene and encountered BONILLA-MUNGUIA, a passenger in aforementioned vehicle. The Agent identified himself as a Border Patrol Agent to BONILLA-MUNGUIA and conducted an immigration inspection. The Agent determined BONILLA-MUNGUIA was an alien who unlawfully entered the United States at a time and place other than as designated by the Secretary of The Department of Homeland Security of the United States. The Agent arrested BONILLA-MUNGUIA and transported him to the Gibraltar Border Patrol Station for further processing.

5. While at the Gibraltar Border Patrol Station, BONILLA-MUNGUIA's fingerprints and photograph were captured and entered into the Automated

Biometric Identification System (IDENT) and the Next Generation Identification (NGI).

6. Records revealed that BONILLA-MUNGUIA is a citizen of Honduras, who was arrested by Border Patrol Agents in Eagle Pass, Texas on September 30, 2023. BONILLA-MUNGUIA was processed as an Expedited Removal / Credible Fear and served form I-296 stating that he was found to be inadmissible to the United States, which he acknowledged and signed.

7. Records indicate BONILLA-MUNGUIA was given a GPS ankle monitor after processing and told to report to the Hartford, Connecticut ICE office pending a hearing with an Immigration Judge.

8. On October 10, 2023, BONILLA-MUNGUIA's case indicates he reported to the ICE/ERO office and updated his address.

9. On October 13, 2023, BONILLA-MUNGUIA was found to not have credible fear of returning to his home country of Honduras.

10. On October 25, 2023, BONILLA-MUNGUIA attended his hearing before the Immigration Judge. BONILLA-MUNGUIA attended this court hearing in person at the Hartford Immigration Court where the judge appeared via video call. The judge denied his credible fear claim and affirmed the expedited order of removal by DHS. BONILLA-MUNGUIA was served with an order denying his credible fear claim in person at the court.

11. BONILLA-MUNGUIA's was scheduled to report for removal on November 14, 2023, However, he did not report. ICE/ERO attempted to contact BONILLA-MUNGUIA but were unsuccessful and his GPS monitor went into a "missed call back status." ICE/ERO subsequently deemed BONILLA-MUNGUIA as an absconder.

12. On May 13, 2025, Border Patrol Agents interviewed BONILLA-MUNGUIA in the Spanish language. BONILLA-MUNGUIA was advised of his rights and agreed to give the agents a sworn statement.

13. BONILLA-MUNGUIA was asked if had a scheduled court hearing with an immigration judge and BONILLA-MUNGUIA told agents "yes."

BONILLA-MUNGUIA was asked if he received paperwork associated with his court hearing and he told agents he did receive paperwork. When asked if he attended the court hearing, BONILLA-MUNGUIA claimed he attended on a video call.

14. BONILLA-MUNGUIA was asked if he willingly stayed in the United States after he was ordered removed by an Immigration judge and he told the agents "yes." BONILLA-MUNGUIA was asked if he was given an ankle monitor, to which he said "yes" and when questioned what happened to the ankle monitor, he told agents he cut it off.

15. On May 21, 2025, Border Patrol Agents interviewed BONILLA-MUNGUIA in the Spanish language. BONILLA-MUNGUIA was advised of his rights and agreed to give the agents a sworn statement

16. BONILLA-MUNGUIA was asked if when he was arrested and processed for expedited removal if he received and signed form I-296, he told the agents "yes".

17. BONILLA-MUNGUIA was shown a copy of form I-296 he was served with and verified that it was his signature on the form.

18. BONILLA-MUNGUIA was asked if he attended his asylum hearing on 10/25/2023 and he told the agents "yes".

19. BONILLA-MUNGUIA was asked how he attended his hearing he told agents he went in person to the court and the judge appeared via video.

20. BONILLA-MUNGUIA was asked if he received the judges order determining he had no credible fear and affirming the DHS expedited order of removal and he told agents that he did receive documents after his hearing, but he did not specifically remember which documents he received.

21. BONILLA-MUNGUIA was asked if he was knowledgeable of the fact that he was supposed to report for removal following this hearing and he told agents yes that the court informed him.

22. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain

any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

23. Review of the Alien File (A# XXX XXX 864) for Edwin BONILLA-MUNGUIA and queries in U.S. Department of Homeland Security databases confirm no record exists of BONILLA-MUNGUIA obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to be or remain in the United States after his Final Order of Removal from the United States in October, 2023.

24. Based on the above information, I believe there is probable cause to conclude that Edwin BONILLA-MUNGUIA is a native and citizen of Honduras, who received a final order of removal by reason of being a member of the class described in 8 U.S.C. § 1227(a)(1) and who, thereafter, willfully failed or refused to depart from the United States and/or willfully failed or refused to present himself for removal at the required time and place, in violation of Title 8, United States Code, Section 1253(a).

Jason Messenger, Border Patrol Agent
U.S. Department of Homeland Security

Sworn to before me and signed in my presence and/or by reliable electronic means.

Honorable Anthony P. Patti
United States Magistrate Judge

May 23, 2025